**Rabecs v. Northeastern Bank of Pennsylvania**

*David W. Knauer,* for plaintiff.
*Peter J. O'Brien,* for defendant.

THOMSON, *J.,* November 19, 1981—The above matter is now before us on the motion of defendant Northeastern Bank for summary judgment, under Pa.R.C.P. 1035. Defendant alleges that the motion sould be granted because:

(a) Plaintiff's claim is barred by the statute of limitations; and

(b) No cause of action for intentional infliction of mental distress has been set forth by plaintiff.

As to the statute of limitations, is appears that the legislature has been silent as to providing a specific statute for the tort of intentional infliction of mental distress. Defendant contends that the one-year statute relating to actions for libel, slander, and invasion of privacy, 42 Pa.C.S.A. §5523 applies. We cannot concur. Plaintiff would analogize the said tort to assault, which carries a two-year statute. While we do not deem it necessary to rule on this proposition, we feel that in the absence of positive direction by the legislature, that the two-year statute of 42 Pa.C.S.A. §5524(1) should apply, as it includes claims for malicious prosecution or malicious abuse of process, which were originally joined in this action, prior to our granting a demurrer to the said counts in plaintiff's complaint. Hence, even accepting defendant's argument that plaintiff's cause of action accrued as of February 31, 1978 (which we do not rule on herein), clearly

plaintiff's filing a complaint on August 13, 1979 was well within the applicable two-year period. Hence, we cannot grant defendant's motion on this basis.

As to defendant's second claim, it has characterized its procedure as "a course of action (for a) legitimate purpose of collection of a debt." Plaintiff would apparently attempt to prove that defendant knew, or should have known, that the instrument upon which judgment was originally confessed against her was a forgery as to her signature, and that defendant further knew or should have known that she resided in Tannersville, Monroe County, Pa., yet attempted to send her notices and serve her with process at her estranged husband's residence in the City of Scranton, Lackawanna County. Under these circumstances, we feel that at the very least a jury question exists as to whether defendant intentionally caused severe emotional distress to plaintiff without privilege to do so, and whether defendant knew or should have known that such distress was substantially certain to be produced by its conduct: Forester v. Manchester, 410 Pa. 192, 189 A. 2d 147 (1963). Hence, we cannot grant defendant's motion on this basis.

We will issue herewith the following

ORDER

And now, November 19, 1981, defendant's motion for summary judgment is denied.